<table>
<tr><td>

DISTRICT COURT, COUNTY OF PUEBLO, STATE OF COLORADO

Court Address:  501 N. Elizabeth St.
                Pueblo, CO 81003

**Plaintiff:**

**DEBRA CORLISS,**

**v.**

**Defendant(s):**

**WAL-MART STORES, INC., and JOHN DOE EMPLOYEE WHOSE TRUE NAME IS UNKNOWN.**

*Attorneys for Plaintiff:*
**LARSON & LARIMER, P.C.**
Laurence M. Schneider, Atty. Reg. No. 34183
Lauren E. Varner, Atty. Reg. No. 46519
8400 E. Prentice Ave., Ste. 150
Greenwood Village, CO 80111
Telephone: 303-221-0039
Fax Number: 303-221-4924
Email: lms@larsonandlarimer.com
        lev@larsonandlarimer.com

</td><td>

DATE FILED: April 28, 2017 3:57 PM
FILING ID: 54A078DB69AFA
CASE NUMBER: 2017CV30313

▲  COURT USE ONLY  ▲

Case Number:

Div.:   Ctrm.:

</td></tr>
<tr><td colspan="2" align="center">

**COMPLAINT AND JURY DEMAND**

</td></tr>
</table>

Plaintiff, Debra Corliss, by and through undersigned counsel, Larson & Larimer, P.C., for her *Complaint and Jury Demand* against the above-named Defendants, states and alleges as follows:

## PARTIES

1. Plaintiff Debra Corliss is a natural person of the age of majority and currently resides at 1632 East 2nd Street, Pueblo, Colorado 81001. Ms. Corliss is, and was, at all times material to the allegations in this Complaint a resident of the State of Colorado.

2. Defendant Wal-Mart Stores, Inc. (hereinafter "Defendant Wal-Mart") is a Foreign Corporation with a principal office street address of 701 SW 8th Street, Bentonville, Arkansas 72716 and a registered agent address of 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

1

3.  Upon information and belief, Defendant John Doe Employee (hereinafter "Defendant Employee") was acting within the course and scope of his employment with Defendant Wal-Mart at the time he injured Plaintiff. The identity of Defendant Employee is currently unknown and has not been provided by Defendant Wal-Mart.

4.  Upon information and belief, at all times material to the allegations in this Complaint, Defendant Wal-Mart owned and/or was responsible for the safe condition of the premises on which Plaintiff was injured.

5.  At all times material to the allegations in this Complaint, Defendant Wal-Mart exercised control over the premises on which Plaintiff was injured.

## VENUE

6.  Venue is proper in Pueblo County, Colorado, pursuant to C.R.C.P. 98(c)(5) because the tort that triggered the claims herein occurred in Pueblo County, Colorado.

## GENERAL ALLEGATIONS

7.  Plaintiff incorporates by reference paragraphs 1 – 6 as if fully set forth herein.

8.  Plaintiff sustained serious injuries when Defendant Employee rolled a maintenance cart over Plaintiff's left foot at Defendant Wal-Mart's Wal-Mart Supercenter located at the real property address of 4200 Dillon Drive, Pueblo, Colorado 81008 ("The Premises").

9.  On May 1, 2015, around 4:00 PM, Plaintiff presented to The Premises to obtain a money order from the "Money Center" inside of the Wal-Mart Supercenter on The Premises.

10.  Plaintiff entered a line of waiting customers at the "Money Center."

11.  While Plaintiff stood in line in a stationary position, Defendant Employee rolled a maintenance cart directly over Plaintiff's left foot ("incident").

12.  Defendant Employee did not ask Plaintiff to move prior to rolling over her foot.

13.  Upon information and belief, the maintenance cart was carrying a number of cleaning supplies and was quite heavy.

14.  Plaintiff was wearing sandals when Defendant Employee rolled the filled maintenance cart over Plaintiff's foot.

15.  As a direct and proximate result of this incident, Plaintiff suffered serious injuries to her foot and other related symptoms.

16.  As a direct and proximate result of this incident, Plaintiff developed Complex Regional Pain Syndrome ("CRPS").

2

17.    Upon information and belief, this incident was captured on surveillance.

18.    Plaintiff reported the incident to Defendant Wal-Mart.

19.    Plaintiff completed a "Customer Statement (WMP-73B) "on the date of the incident."

20.    Defendant Employee was negligent in the performance of his job duties.

21.    Defendant Wal-Mart failed to undertake sufficient remedial efforts to make safe The Premises.

22.    At all times material to the allegations in this Complaint, Plaintiff was an "invitee" within the meaning of the Colorado Premises Liability Act as to Defendant Wal-Mart.

23.    At all times material to the allegations in this Complaint, Defendant Wal-Mart was an authorized agent on, or person in possession of, The Premises.

24.    At all times material to the allegations in this Complaint, Defendant Wal-Mart was legally responsible for the condition and safety of The Premises, and for the activities conducted thereon.

25.    At all times material to the allegations in this Complaint, Defendant Wal-Mart negligently failed to maintain the premises in a reasonably safe condition.

26.    At all times material to the allegations in this Complaint, Defendant Wal-Mart knew or should have known of the dangerous condition(s) on The Premises that caused Plaintiff's injuries.

27.    At all times material to the allegations in this Complaint, Defendant Wal-Mart negligently failed to warn invitees, such as Plaintiff, of dangers on The Premises of which it actually knew or should have known.

28.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious physical injuries, damages, and losses.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Negligence (Defendant Employee)**

29.    Plaintiff incorporates paragraphs 1-28 as if fully set forth herein.

30.    At all times material to the allegations in this Complaint, Defendant Employee owed a duty to others legally present on The Premises, including Plaintiff, to exercise reasonable care in the performance of his job duties on The Premises.

3

31.    At all times material to the allegations in this Complaint, Defendant Employee breached the duty owed to Plaintiff by failing to exercise reasonable care to prevent foreseeable injury to Plaintiff, by negligent act or omission, by, in and among other things, failing to observe Plaintiff's foot and by rolling over, and causing serious injury to, Plaintiff's foot.

32.    As a direct and proximate result of Defendant Employee's negligence, careless conduct, and failure to exercise reasonable care, Plaintiff suffered serious physical injuries with related damages and losses.

## SECOND CLAIM FOR RELIEF
### Respondeat Superior (Defendant Wal-Mart)

33.    Plaintiff incorporates paragraphs 1-32 as if fully set forth herein.

34.    Upon information and belief, Defendant Wal-Mart hired Defendant Employee to provide maintenance, and possibly other, services on The Premises.

35.    Defendant Employee was moving a maintenance cart at the time he injured Plaintiff. Defendant Employee was also wearing a yellow work vest.

36.    Upon information and belief, on May 1, 2015, Defendant Employee was an employee of Defendant Wal-Mart and was acting within the course and scope of his employment and authority at the time that he was negligent to cause Plaintiff injuries as set forth above.

37.    The acts of Defendant Employee are the acts of Defendant Wal-Mart.

38.    As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered serious physical injuries with related damages and losses.

## THIRD CLAIM FOR RELIEF
### Negligent Training (Defendant Wal-Mart)

39.    Plaintiff incorporates paragraphs 1-38 as if fully set forth herein.

40.    At all times relevant hereto, Defendant Wal-Mart owed a duty to its guests, including Plaintiff, to exercise reasonable care to protect its guests by taking reasonable steps to train prospective and hired employees to safely perform their employment duties.

41.    Defendant Wal-Mart breached the duty owed to Plaintiff by failing to properly train Defendant Employee to safely perform the position for which he was hired and train  by employing him with a conscious disregard for the rights and safety of others, including Plaintiff.

42.    As a direct and proximate result of Defendant Wal-Mart's negligent hiring and training of Defendant Employee, Plaintiff suffered serious physical injuries with related damages and losses.

4

## FOURTH CLAIM FOR RELIEF
### Negligent Supervision (Defendant Wal-Mart)

43.    Plaintiff incorporates paragraphs 1-42 as if fully set forth herein.

44.    At all times relevant hereto, Defendant Wal-Mart owed a duty to its guests, including Plaintiff, to exercise reasonable care to protect its guests by employing and retaining competent supervisors and employees to guide, direct, and assist employees in the performance of their employment duties.

45.    Defendant Wal-Mart breached the duty owed to Plaintiff by negligently or knowingly employing and retaining incompetent supervisors and employees, to guide, direct, and assist Defendant Employee in the performance of his employment duties, as he performed his employment duties in such a way that he seriously injured Plaintiff.

46.    As a direct and proximate result of Defendant Wal-Mart's negligent supervision of Defendant Employee, Plaintiff suffered serious physical injuries with related damages and losses.

## FIFTH CLAIM FOR RELIEF
### Colorado Premises Liability Act (Defendant Wal-Mart)

47.    Plaintiff incorporates paragraphs 1-46 as if fully set forth herein.

48.    At all times material to the allegations in this Complaint, Plaintiff was an "invitee" on The Premises within the meaning of Colorado's Premises Liability Act, C.R.S. § 13-21-115 ("CPLA").

49.    At all times material to the allegations in this Complaint, Defendant Wal-Mart was a "landowner" within the meaning of the CPLA.

50.    Defendant Wal-Mart is a "landowner" because it was an authorized agent in possession of The Premises. In addition, it was legally responsible for the condition of The Premises, and for the activities conducted and circumstances existing thereon.

51.    Pursuant to the CPLA, Defendant Wal-Mart owed duties to Plaintiff, including duties to exercise reasonable care to protect Plaintiff against dangers of which Defendant Wal-Mart knew or should have known.

52.    Defendant Wal-Mart unreasonably failed to exercise reasonable care to protect against dangers of which it actually knew or should have known at The Premises.

53.    As result of Defendant's failure to exercise reasonable care and protect against dangers, Plaintiff suffered injuries, damages, and losses.

5

WHEREFORE, Plaintiff suffered non-economic damages, including, but not limited to, physical pain and suffering, an impaired quality of life, permanent impairment, and economic damages, including, but not limited to, medical expenses and loss of income associated with said incident as a direct result of the Defendants' negligence and breach of duties required by the CPLA.

NOW THEN, Plaintiff prays for an Order of Judgment in favor of the Plaintiff and against the Defendants, jointly and severely, as follows:

a.) For judgment in favor of the Plaintiff, and against Defendants in an amount to be determined at trial for actual and consequential damages, including noneconomic, economic, and physical impairment;

b.) For pre-judgment interest which has accrued since the date of the tort pursuant to **C.R.S. §13-21-101**;

c.) For complete and total compensation for all of Plaintiff's medical bills;

d.) For all costs in the prosecution of this matter; and

e.) For any and all further relief as the Court may deem proper and just.

<u>**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**</u>

Respectfully submitted this 28th day of April, 2017.

**LARSON & LARIMER, P.C.**

*Original Signature on File at the Offices*
*Of Larson & Larimer, PC*

By: *<u>/s/ Lauren E. Varner</u>*
Lauren E. Varner, Atty Reg. #46519
Laurence M. Schneider, Atty. Reg. #34183
**ATTORNEYS FOR PLAINTIFF**

<u>Plaintiffs' Address:</u>
1632 East 2nd Street
Pueblo, Colorado 81001

*This pleading was filed with the Court through the ICCES Electronic Filing Procedures, under C.R.C.P. 121, § 1-26. As required by those rules, the original signed copy of this pleading is on file with Larson & Larimer, P.C.*